Vincent A. Lupiano, J.
The defendants other than the State Tax Commission of the State of New York move for summary-judgment, pursuant to rules 113 and 114 of the Rules of Civil Practice, dismissing on the merits so much of the complaint as seeks an order directing the moving defendants to turn over to the State Tax Commission an amount equal to those taxes allegedly paid by mistake to the City of New York.
The utility tax in concern involves the sale by the plaintiff, in the course of its railroad operations in New York City, of power, steam, air and brine. Since January 1, 1940, plaintiff has not filed a return with the defendant State Tax Commission or paid a tax to the State under section 186-a of article 9 of the Tax Law with respect to such sales. For the first time, in May, 1954 the State Tax Commission made demand upon the plaintiff for taxes under that section based upon such sales for the period subsequent to January 1, 1940, and in December, 1956 it notified the plaintiff of its intention to assess and collect the taxes. It is further alleged in the complaint that section 20-b of the General City Law, and chapter 873 of the Laws of 1934, re-entitled by chapter 244 of the Laws of 1942 as amended, authorizes the City of New York to impose a tax of not more than 1% upon gross income or operating income of utilities subject to tax under section 186-a of the Tax Law, except that a tax of 3% of gross income is authorized with respect to utilities not subject to taxation under section 186-a of the Tax Law. Accordingly, there was enacted section Q41-2.0 of the Administrative Code of the City of New York, imposing a public utility excise tax of 3% on gross income of persons engaged in the operation of railroads such as that operated by the plaintiff. During the times in concern up to November 30, 1956, the City of New York contended that section 186-a is inapplicable to the plaintiff and has collected from it the public utility excise tax *501 at the rate of 3% with respect to receipts from the sale of electric power, steam, air and brine. It is then alleged that if plaintiff is required to pay to the defendant State Tax Commission a 2% tax on such gross operating income under section 186-a of the Tax Law, in addition to taxes already paid, plaintiff will have been required to pay, by reason of inconsistent interpretations by the defendants of section 186-a, a total of 5% on the gross operating income for the period in concern, thus exceeding the maximum lawful tax of 3%. If the State Tax Commission is correct in its contention, the collection of the amount set forth in the complaint and as shown in Appendix A thereof in excess of 1% for the period January 1, 1940 through November 30, 1956, has been illegal and invalid. Plaintiff seeks a declaration that it is exempt from taxation under section 186-a of the Tax Law and if the declaration in respect thereto is adverse to plaintiff then that the provisions of section Q41-2.0 of the Administrative Code of the City of New York are invalid to the extent that they purport to impose a tax in excess of 1%. Further, it is asked that if the court should declare that the plaintiff is subject to taxation under section 186-a of the Tax Law, then the defendants other than the State Tax Commission should be required to pay over to the latter the amount of taxes collected during the period January 1, 1940 through November 30, 1956, in excess of 1% of the gross income from the sale of electric power, steam, air and brine.
The motion of the moving defendants is grounded upon defenses urging that the plaintiff waived the right to refund, paid the taxes to the city voluntarily, and without protest, and the Statute of Limitations bars refund. It is abundantly and conclusively clear that if the complaint of the plaintiff sought a refund, the contentions of the moving defendants would be correct. Does the motion present a different issue, however, by reason of the fact that plaintiff does not seek a refund, but rather a direction for turnover of the fund in question to the State Tax Commission? It would seem clear that the plaintiff may not require that the moving defendants make a payment out of funds paid to them by the plaintiff when the circumstances would prevent any recovery by the plaintiff against the defendants. No distinction arises by reason of the fact that it is the desire of the plaintiff that its debt owing to the State Tax Commission, if such debt is upon trial of the action found to exist, be paid to the commission by the other defendants out of moneys heretofore paid to them by the plaintiff.
The answer of the State Tax Commission has not been submitted, but clearly it appears from this submission that it has *502 not requested any affirmative relief against its codefendants in the nature of a turnover requested by the plaintiff. In the affidavit submitted on behalf of the Attorney-General, it is observed that the tax statute involved makes provision for the State and city to arrange that the city collect on behalf of the State taxes due for the subject matter involved, without necessity for notice to the taxpayer of such an arrangement. Thus it is argued that the State of New York has a vital interest in the funds collected from the plaintiff by the city, and that, if the motion were granted, rights of the State Tax Commission might well be cut off. It is not, however, suggested that any arrangement was made between the State and the city, and as already noted, the State Tax Commission has not requested affirmative relief upon the basis of any contention that collections were made by the city on behalf of the State and which are rightfully owing to the latter. The State has not elected to exercise the discretionary power vested in the State Tax Commission by subdivision 13 of section 186-a of the Tax Law, and the plaintiff cannot compel it to do so. Subdivision 13 was not enacted for plaintiff’s benefit, and is not available to it.
Finally, it is stated that if the court declares that the railroad has paid all that it had to pay, then there is a specific question as to the accountability between the city and State, which must be decided. Such a question, however, has not been tendered, for there is no statement or formal claim to the effect that any collection was made by the city on behalf of the State, by arrangement or otherwise. We are left, therefore, with a sitúa- • tion such that collections which were made 'by the City of New York from the plaintiff (even though the plaintiff was not in the first instance obliged to make them) are no longer repayable to the plaintiff, and, upon the basis of the pleadings, are not payable over to the State Tax Commission. Favorable consideration of this application will, of course, result in severance and withdrawal of the issues tendered and decided, but such issues are not so intertwined with the remaining general issue as to require that the issues upon the complaint be tried in their entirety.
The motion is granted. Settle order, which is to identify and fix the specific amounts and periods involved.